UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61610-CIV-ZLOCH

KRAMER SCIENTIFIC LABORATORY
PRODUCTS CORPORATION, a New
Jersey corporation,

        Plaintiff,

v.

GOLF MEDICAL CORPORATION,

        Defendant.
_____/

## ORDER

This matter comes before the Court upon Plaintiff Kramer Scientific Laboratory Products Corporation's Motion to Compel Defendant/Debtor to Respond to Discovery Requests and to Appear for Deposition, for Contempt and to Compel Non-party Lorena Rodriguez to Appear for Deposition and for Sanctions [D.E. 15]. The Court has reviewed Plaintiff's Motion and Supplement [D.E. 16], but neither Defendant nor Non-party Rodriguez has responded. On November 28, 2011, the Court held a hearing on Plaintiff's Motion. This Order summarizes the Court's ruling.

### *I.  Background*

This case arose out of Defendant Golf Medical Corporation's ("Golf") alleged failure to pay for goods that Plaintiff Kramer Scientific Laboratory Products Corporation ("Kramer") delivered to it. *See* D.E. 1 at ¶ 1. Golf never responded to Kramer's Complaint, despite having been served with it. *See* D.E. 4. Consequently, Kramer obtained a default judgment against Golf. *See* D.E. 13. In the Amended Default Final Judgment, the Honorable William J. Zloch found Golf liable for breach

of contract, conversion, open account, account stated, and goods sold, as alleged by Kramer in its Complaint.  *Id.* at 1-2.  As a result, Judge Zloch entered judgment for Kramer in the amount of $269,554.50, plus interest at the statutory rate.  *Id.* at 3.

Subsequently, Kramer engaged in discovery in aid of execution.  More specifically, on September 9, 2011, Kramer served its requests for production of documents, its first set of interrogatories, and a notice of taking the deposition of Golf, which was set for October 13, 2011.  *See* D.E. 15 at ¶ 2; D.E. 15-1.  Also on September 9, 2011, Kramer served Lorena Rodriguez, the wife of Golf's principal, a subpoena *duces tecum* to testify at a deposition scheduled for October 13, 2011.  *See* D.E. 15 at ¶ 3; D.E. 15-1 at 47-50.

Although Golf's responses to Kramer's production requests and interrogatories were due on October 10, 2011, Golf never responded, sought an enlargement of time, or filed a motion to quash or for protective order.  D.E. 15 at ¶¶ 4-5.  The following day, counsel for the two parties exchanged e-mails, and Kramer offered to extend the deadline for the discovery responses until October 18, 2011, and the date of the depositions until October 20, 2011.  *Id.* at ¶ 6.  Counsel for Golf and Mrs. Rodriguez did not agree.  *Id.*  As a result, Kramer filed the pending Motion.

On November 28, 2011, the Court held a hearing on Kramer's Motion.  During the hearing, the Court asked counsel for Golf and Mrs. Rodriguez whether they had any basis for failing to respond to the discovery requests and to appear for deposition.  Counsel for Golf forthrightly conceded that they did not and that Kramer's Motion was "well-founded."  For the reasons set forth below, the Court agreed with Golf and required Golf to serve on Kramer its responses to the interrogatories and production requests by the close of business on **Monday, December 5, 2011**.  Similarly, the Court ordered Golf and Rodriguez to sit for their depositions by **Tuesday, December**

**6, 2011**.

The Court then asked counsel for Golf and Mrs. Rodriguez whether, in light of Golf and Mrs. Rodriguez's utter failure to respond both to the discovery requests and Kramer's Motion, any reason existed that the Court should not consider recommending to Judge Zloch to enter a finding of contempt should Golf and Rodriguez fail to comply with the Court's Order to respond to discovery by December 5, 2011, and to sit for deposition by Tuesday, December 6, 2011. He replied that he was not aware of any such reason. Accordingly, and for the legal reasons articulated below, the Court noted that should Golf and Rodriguez fail to comply with the Court's Order, the undersigned will submit a report and recommendation to Judge Zloch recommending that a warrant be issued for their arrest until such time as they purge their own civil contempt.

## *II.  Analysis*

*A.  Motion to Compel*

Rule 37, Fed. R. Civ. P., authorizes motions to compel discovery responses. Under Rule 37(a)(3), a party may seek to compel responses to interrogatories and production requests. If a party is successful in obtaining the requested relief, Rule 37(a)(5) requires the court, "after giving an opportunity to be heard, . . . [to order] the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions to this rule occur where the movant filed the motion before trying in good faith to obtain the requested discovery without court intervention, the opposing party's lack of response was "substantially justified," or "other circumstances" would render an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), & (iii). Similarly, Rule 37(d) requires the award of reasonable expenses, including attorney's fees, where a party is successful in moving to compel another party's

deposition, unless the failure to attend the deposition was substantially justified, or other circumstances make an award unjust. *See* Fed. R. Civ. P. 37(d)(3).

In discussing the intent of Rule 37, the Advisory Committee Notes to the 1970 amendments state, "The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." *See also Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

Here, no exception absolves Golf of its liability for Kramer's reasonable expenses and fees. The record reflects that Kramer attempted to resolve the issue without the need for the Court's intervention. In addition, Golf has offered no excuse for its failure to respond or appear for deposition. To the contrary, Golf's counsel has conceded that Golf should have responded and appeared for deposition. Under these circumstances, Golf cannot demonstrate substantial justification for its conduct, nor can it show that an award of fees would be unjust. Consequently, Golf shall pay the reasonable costs, including attorney's fees, incurred by Kramer in making and arguing its Motion to Compel. Kramer shall submit its proposed fees and expenses to Golf in an effort for the parties to agree. Should they not be able to do so, however, Kramer shall file its request for fees and expenses, along with documentation required by the Local Rules of the Southern District of Florida, within **30 days** of the date of this Order.

*B.  Contempt*

Once the Court has issued a discovery order, Rule 37(b), Fed. R. Civ. P., authorizes the district court, among other remedies, to "treat[] as contempt of court the failure [of any party] to obey any order [for discovery] except an order to submit to a physical or mental examination." *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).  In addition, a court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Under Rule 45(e), Fed. R. Civ. P., a non-party's failure to comply with a subpoena — even in the absence of further court order — exposes that non-party to possible contempt.  Fed. R. Civ. P. 45(e) (court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. . . ."); *Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of the Eleventh Circuit*, 783 F.2d 1488, 1495 (11th Cir.) ("[i]f a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order"), *cert. denied sub nom. Hastings v. Godbold*, 477 U.S. 904 (1986).[1]

In this case, as discussed previously, Golf has failed to respond to the Complaint, resulting in a default judgment against it.  It has likewise not responded to requests for three different types of discovery and to Kramer's Motion to Compel.  Moreover, Golf's own counsel recognizes Golf's utter lack of any excuse for its conduct.  Similarly, Mrs. Rodriguez did not appear for her deposition, nor did she file a motion to quash or for protective order.  She also did not respond to Kramer's

---

[1]A holding regarding a different aspect of this case was later superseded by statute.  *See In re McBryde*, 120 F.3d 519, 523-24 (5th Cir. 1997).  That statutory change has no effect on the issue before this Court.

Motion to Compel, and, as with Golf, Mrs. Rodriguez's counsel offers no cognizable (or any, for that matter) reason for her conduct.  Under these circumstances, **should Golf or Mrs. Rodriguez fail to comply with this Court's Order requiring them to provide the designated discovery within the time frame directed by this Order, the undersigned will file a report and recommendation recommending that Judge Zloch find the offending party or non-party in contempt and consider all appropriate remedies.**

### *III. Conclusion*

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1.  Plaintiff Kramer Scientific Laboratory Products Corporation's Motion to Compel Defendant/Debtor to Respond to Discovery Requests and to Appear for Deposition, for Contempt and to Compel Non-party Lorena Rodriguez to Appear for Deposition and for Sanctions [D.E. 15] is **GRANTED** as set forth in this Order;

2.  Defendant Golf Medical Corporation shall respond to Kramer's production requests and interrogatories by the close of business on **Monday, December 5, 2011**;

3.  Defendant Golf Medical Corporation shall sit for its deposition by **Tuesday, December 6, 2011**;

4.  Non-party Lorena Rodriguez shall sit for her deposition by **Tuesday, December 6, 2011**;

5.  Defendant Golf Medical shall pay the reasonable costs incurred, including attorney's fees, in Kramer's bringing and arguing of its Motion to Compel; and

6.  The parties shall attempt to agree regarding the reasonable costs incurred, including attorney's fees, in Kramer's bringing and arguing of its Motion to Compel, but if they cannot, Kramer shall file its motion for costs and fees, supported as required under the Local Rules of the

Southern District of Florida, within **30 days** of the date of this Order.

**DONE AND ORDERED** this 28th day of November 2011.

                                                  ROBIN S. ROSENBAUM
                                                  UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
        Counsel of Record