UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61610-CIV-ZLOCH

KRAMER SCIENTIFIC LABORATORY
PRODUCTS CORPORATION, a New
Jersey corporation,

        Plaintiff,

v.

GOLF MEDICAL CORPORATION,

        Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Kramer Scientific Laboratory Products Corporation's Second Emergency Motion to Compel Defendant and Non-Party Lorena Rodriguez to Comply with the November 28, 2011, Order of the Court, for Clarification and for Sanctions [D.E. 29]. The Court has reviewed Plaintiff's Motion, Defendant and Non-party Rodriguez's Response [D.E. 31], and the record and now grants in part and denies in part Plaintiff's Motion.

*I.  Background*

This case arose out of Defendant Golf Medical Corporation's ("Golf") alleged failure to pay for goods that Plaintiff Kramer Scientific Laboratory Products Corporation ("Kramer") delivered to it. *See* D.E. 1 at ¶ 1. Golf never responded to Kramer's Complaint, despite having been served with it. *See* D.E. 4. Consequently, Kramer obtained a default judgment against Golf. *See* D.E. 13. In the Amended Default Final Judgment, the Honorable William J. Zloch found Golf liable for breach of contract, conversion, open account, account stated, and goods sold, as alleged by Kramer in its

Complaint. *Id.* at 1-2. As a result, Judge Zloch entered judgment for Kramer in the amount of $269,554.50, plus interest at the statutory rate. *Id.* at 3.

Subsequently, Kramer engaged in discovery in aid of execution. More specifically, on September 9, 2011, Kramer served its requests for production of documents, its first set of interrogatories, and a notice of taking the deposition of Golf, which was set for October 13, 2011. *See* D.E. 15 at ¶ 2; D.E. 15-1. Also on September 9, 2011, Kramer served Lorena Rodriguez, the wife of Golf's principal, a subpoena *duces tecum* to testify at a deposition scheduled for October 13, 2011. *See* D.E. 15 at ¶ 3; D.E. 15-1 at 47-50.

Although Golf's responses to Kramer's production requests and interrogatories were due on October 10, 2011, Golf never responded, sought an enlargement of time, or filed a motion to quash or for protective order. D.E. 15 at ¶¶ 4-5. The following day, counsel for the two parties exchanged e-mails, and Kramer offered to extend the deadline for the discovery responses until October 18, 2011, and the date of the depositions until October 20, 2011. *Id.* at ¶ 6. Counsel for Golf and Mrs. Rodriguez did not agree. *Id.* As a result, Kramer filed its original Motion to Compel discovery responses from Golf and the depositions of Golf and Mrs. Rodriguez..

On November 28, 2011, the Court held a hearing on Kramer's Motion. During the hearing, the Court asked counsel for Golf and Mrs. Rodriguez whether they had any basis for failing to respond to the discovery requests and to appear for deposition. Counsel for Golf forthrightly conceded that they did not and that Kramer's Motion was "well-founded."

Accordingly, following the November 28, 2011, hearing, the Court issued an Order of the same date. *See* D.E. 21. Under the terms of that Order and a follow-up Order that the Court issued on December 1, 2011 [*See* D.E. 28], Defendant Golf Medical Corporation was to have responded

to Plaintiff's production requests and interrogatories by 5:00 p.m. on Monday, December 5, 2011, and Defendant and Mrs. Rodriguez were to have sat for deposition on Tuesday, December 13, 2011.

On the morning of December 5, counsel for Defendant asked counsel for Plaintiff whether she would agree to allow him until December 7 to deliver the documents responsive to the production requests. *See* D.E. 29-1 at 3. Counsel for Plaintiff responded, "I need them by tomorrow close of business at the latest. I am out [W]ednesday through [F]riday and I am swamped next [M]onday. I need them to review this weekend. Thanks." *Id.* at 2. In other words, counsel for Plaintiff indicated her need to review the documents responsive to the production requests before the depositions set for Golf and Mrs. Rodriguez, in light of her other work conflicts. Counsel for Defendant and Mrs. Rodriguez replied, "That'll work, thanks for your courtesy." *Id.* at 2.

When December 6 came, however, counsel for Defendant and Mrs. Rodriguez advised Plaintiff's attorney that there were almost 500 pages of responsive documents, rendering scanning and faxing unreasonable, in his view. *See* D.E. 29-1 at 7. Thus, at 1:56 p.m., defense counsel asked whether counsel for Plaintiff would agree to Defendant's sending of the materials by overnight delivery. *Id.* Because, Plaintiff's counsel explained, she would not be back to the office until Monday and, as she had previously noted, she was busy with another matter all day Monday, Plaintiff's counsel responded that overnight-delivery would not work and suggested delivery by a courier instead, offering to stay at the office that night as late as necessary for the courier to arrive. *See id.* at 6-7. Describing a courier as "unreasonable," defense counsel declined Plaintiff's counsel's suggestion and sent the materials by UPS for delivery on December 7. *See id.* at 5.

Returning to December 5, 2011, Golf provided Plaintiff with the discovery response to Plaintiff's production requests and with answers to Plaintiff's interrogatories. *See* D.E. 29 at ¶ 5.

The responses and answers, however, contained objections. Defendant asserts that it has good cause for making objections late, so it is not subject to the rule that provides for waiver of objections upon failure to respond timely to discovery requests. Finally, with regard to the documents sought from Mrs. Rodriguez through the subpoena *duces tecum* for her deposition, counsel for Mrs. Rodriguez stated that Mrs. Rodriguez would bring responsive documents or invoke objections at the deposition.

Based on this sequence of events, Plaintiff seeks an Order from this Court requiring Golf to respond immediately to all of Plaintiff's outstanding production requests and interrogatories and to produce all responsive documents without withholding any on the basis of privilege or other objections. Plaintiff further asks this Court to order Mrs. Rodriguez to produce all documents requested in the subpoena immediately. Finally, Plaintiff requests that the Court order other relief as permitted by law and equity.

## *II.  Discussion*

### *1. Invocation of Objections to the Discovery Requests*

Rule 33(b)(4), Fed. R. Civ. P., warns, "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." And this District's Local Rules are even less forgiving: "Where objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. Fla. L.R. 26.1(g)(3)(A). Similarly, this District's Discovery Handbook (Appendix A to the Local Rules) cautions, "When objections [to discovery requests] are untimely made, they are waived. . . ." S.D. Fla. L.R. Gen. App. A, § I.D.(3).

Here, it is beyond dispute that Defendant failed to file objections to the interrogatories and production requests in a timely manner. Even defense counsel conceded this fact at the November 28, 2011, hearing. But Defendant suggests that his client's untimeliness should be excused because the allegedly overly-broad nature of Plaintiff's discovery requests provides the requisite "good cause" justifying out-of-time objections. The problem with Defendant's argument, though, stems from the fact that the "good cause" requirement pertains to the reason for the delay, not the respondent's view of the nature of the discovery requests. And, as Defendant has admitted, there is no justification for Defendant's failure to respond timely to the discovery requests. Accordingly, Defendant is ordered to provide complete responses to the production requests and interrogatories by **12:00 p.m., Monday, December 12, 2011**.

*2.  Delivery of the Responsive Documents to Plaintiff's Counsel on December 7, 2011*

With respect to defense counsel's refusal to provide Plaintiff with the documents by December 6, 2011, the Court finds this conduct to violate its November 28, 2011, Order. First, the Order plainly required Defendant to provide Plaintiff with the responsive documents by December 5, 2011. Because Plaintiff's counsel was willing to agree to a one-day extension, Defendant had until December 6, 2011, to deliver the documents. It did not.

Second, this did not occur in a vacuum. Instead, it happened after Defendant had a default judgment entered against it, two months after Defendant altogether failed to respond to the discovery requests in the first place, after Defendant did not respond to Plaintiff's initial motion seeking to compel a response to the discovery requests, and after a hearing where Defendant's counsel admitted that Plaintiff's original motion to compel was well-founded and that he was aware of no basis for his clients' failure to respond.

Third, Defendant offers no excuse for failing to comply with the Court's November 28, 2011, Order other than that he thought it was unreasonable for his clients to have to pay for a courier. While the Court can certainly appreciate and respect counsel and Defendant's desire to keep costs as low as possible, Defendant and its counsel created the very situation that made it necessary to pay for a courier. They should not now be allowed to use it as an excuse for violating the Court's Order. And, contrary to defense counsel's suggestion, it does not appear from this record that Plaintiff's counsel was seeking to hold Defendant's feet to the fire merely because she could. Rather, the record demonstrates that she sought Defendant's compliance with the deadline for delivery of the records so that, in light of her other commitments, she would have sufficient time to review the responsive documents before the December 13, 2011, depositions.

Under these circumstances, in accordance with Rule 37(b)(2)(C), the Court finds Defendant in violation of its November 28, 2011, Order and requires **Defendant to pay the reasonable costs and attorney's fees associated with the filing of Plaintiff's Second Emergency Motion**. Plaintiff and Defendant shall attempt to agree on this amount. If no agreement is reached, within **30 days** of the date of this Order, Plaintiff shall file a motion for the specific amount of fees sought, properly supported as required by the Local Rules.

*3.  Documents Responsive to the Subpoena Duces Tecum*

Finally, the Court considers Plaintiff's request that Mrs. Rodriguez be ordered immediately to provide Plaintiff with documents responsive to the subpoena *duces tecum*. The subpoena *duces tecum*, however, demands production at the time of the deposition. As a result, the Court will not order immediate production of the *duces tecum* records. Nevertheless, particularly in light of Defendant's delays in providing Plaintiff with other responsive discovery, Plaintiff's counsel may

certainly take a reasonable amount of time at the beginning of the deposition to review the documents before proceeding with the questioning. Should Mrs. Rodriguez wish not to be inconvenienced by having to wait for Plaintiff's counsel to conduct her review, she may elect to produce the documents enough before the deposition that Plaintiff's counsel may complete her review prior to the deposition.

**DONE AND ORDERED** this 8th day of December 2011.

                                                                        _____
                                                                        ROBIN S. ROSENBAUM
                                                                        UNITED STATES MAGISTRATE JUDGE

cc:     Hon. William J. Zloch
          Counsel of Record